# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA, | 1:16-cv-00394-BAM (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| PODSAKOFF, QUILLEN, | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Edwin Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a consent to magistrate judge jurisdiction on May 23, 2016. (ECF No. 7.) Plaintiff's complaint, filed on March 22, 2016 is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.        Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison at Corcoran, California. The events in the complaint are alleged to have occurred at Corcoran State Prison. Plaintiff names in the caption of the complaint, Podsakoff, correctional officer, and Quillen, correctional officer. However, Plaintiff also names in the body of the complaint additional correctional officers: J. Perez, Associate Warden; Lt. J. Watkins; D.B. Hernandez, Sergeant; J. Vanderpoel, Associate Warden; T. Wyman, Counselor; Viganya, property correctional officer.

Plaintiff alleges as follows. In Claim 1, Plaintiff alleges cruel and unusual punishment in living conditions. On September 9, 2015, Defendant Podsakoff refused to give Plaintiff his weekly mandated pen because he lost the tip of the pen. Later at dinner, Podsakoff and Plaintiff exchanged heated words and Podsakoff threatened to blow Plaintiff away and said he'll see to it

that Plaintiff does not make it home. Podsakoff threatened to put an inmate in his cell that would harm Plaintiff. Plaintiff feared for his life and wanted to tell someone so he held his tray and Podsakoff wrote up Plaintiff. Plaintiff told Sergeant Duncan about the threat. Sergeant Duncan also gave Plaintiff a pen. Sergeant Duncan lied during the investigation of Podsakoff and said that he did not know of any threats and lied about knowing of the interaction between Plaintiff and Podsakoff. At the hearing on the RVR, Podsakoff wrote about the tray, Lt Watkins ignored Plaintiff's statement and took Podsakoff's report. Defendant Quillen conspired with Podsakoff to help put an inmate in Plaintiff's cell to assault Plaintiff. Plaintiff wrote a grievance Log 5-15-06549 to Warden Perez, but Podsakoff threw out the grievance. He admitted to doing so. Plaintiff claims cruel and unusual punishment for bad living conditions and putting his life in danger, violation of first amendment rights by retaliating by throwing out his complaint.

In claim 2, Plaintiff alleges cruel and unusual punishment. Plaintiff alleges that on September 8, 2015, he told counselor Wyman about his safety concerns. He has been on single cell status which he has been on. The counselor refused to fix Plaintiff's papers so he could stay on single cell. The committee took his single cell claiming he was E.O.P. Plaintiff was concerned because he feared for his life if he were double celled but they didn't care and just wanted the bedspace. He has been attacked before. Plaintiff told the counselor how Podsakoff and Quillen tried to set Plaintiff up to get him killed by an inmate and how Sergeant Denman and Sergeant Hernandez tried covering it up. He also explained how correctional officer Lawrence gave an inmate Plaintiff's 128-G which put his life at risk by exposing sensitive case factors. Plaintiff filed an emergency appeal on September 29, 2015, but D. Goree, the appeals coordinator screened it out. Plaintiff claims D. Goree put him at risk because of the threats to double cell plaintiff.

In Claim 3, Plaintiff alleges it takes an absurd about of time for property officers to pass out people's property. On September 27, 2015, Sergeant Hernandez told the property officer not to give Plaintiff his property until Plaintiff signed off on a 602. He signed off and his TV was confiscated because it was damaged. Plaintiff contends the property was not damaged and if it was, it was damaged by officers. Plaintiff magazines and legal documents were also missing.

Officer Viganya and Sergeant Hernandez were retaliating for plaintiff exercising his first amendment right to file grievances. Plaintiff appealed that his TV was wrongfully taken and property not being passed out in an orderly fashion. Sergeant Hernandez was not supposed to interview him, per Title 15, but did and then cancelled his 602. He should not have cancelled his 602 and it was retaliation for doing so. Hernandez came to interview him and he should not have interviewed him, but told Plaintiff he was to come out of the cell for the interview and Plaintiff said he wanted it cell front and then Hernandez cancelled his 602. Plaintiff filed another 602 for Hernandez cancelling his prior 602 in retaliation. Sergeant Chase came to interview him and Plaintiff explained that Sergeant Hernandez cancelled the prior 602 and refused to interview Plaintiff cell front. Sergeant Chase partially granted the 602 but denied the 602 on the TV because the TV was damaged. Sergeant Chase ignored what Plaintiff told him about the TV. It was not damaged because the old name was scratched off and Plaintiff's name was put on to reimburse Plaintiff. Plaintiff alleges that Sergeant Hernandez and property officer Vaginya violated his rights by maliciously taking his TV and retaliated by throwing away his 602.

Plaintiff seeks as damages $7,000,000 in compensation and punitive damages.

### III.   Discussion

#### A.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although the Complaint is not lengthy, it is convoluted and disjointed and does not contain a short and plain statement of the claim showing that he is entitled to relief as Rule 8 requires. If he chooses to file an amended complaint, it should state facts which support each

claim. Further, Plaintiff's handwriting is difficult to read, and he should attempt to make his allegations clearly legible.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his amended complaint, Plaintiff fails to identify or link all the defendants to a constitutional claim. Plaintiff's limited factual allegations are not sufficient to clearly state what happened, when it happened and who was involved. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of Plaintiff's constitutional rights. He should merely state which of his constitutional rights he feels were violated by each Defendant and the factual basis against each defendant.

### C. Rule 10

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief...." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Various individuals are not named in the caption, the Court is unable to determine whether Plaintiff intends to proceed against them. If Plaintiff wishes to pursue such allegations, he may amend his complaint and include all named defendants in the caption.

However, Plaintiff is cautioned that, as explained below, he may not assert constitutional violations based solely on supervisory conduct.

### D. **Rules 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not pursue issues of his housing assignment against certain defendants while simultaneously pursuing a claim against other defendants for confiscation of property. If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### E. **Inmate Appeals**

Plaintiff appears to be complaining about the processing and denials of his inmate appeals. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez,

334 F.3d at 860; Mann, 855 F.2d at 640. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

To the extent Plaintiff is dissatisfied with the outcome of Duncan and Watkins's investigation, that is not a basis for a plausible due process claim. To the degree plaintiff is trying to hold these individuals or others liable for an independent, unspecified constitutional violation based upon his allegedly inadequate investigation, there is no such claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11–2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D.Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### F. Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff alleges that his TV was maliciously taken. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim. Whether the property was misplaced or stolen, the state provides an adequate remedy. Further, Plaintiff has no constitutional right in having property passed out in any particular manner.

### G. Eighth Amendment – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

To the extent Plaintiff alleges that Defendant Hernandez made threatening statements, such allegations are not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). Although a prisoner need not wait to be injured

before seeking injunctive relief, see Farmer, 511 U.S. at 845, a prisoner seeking damages must allege that the risk materialized and caused him injury. See Babcock v. White, 102 F.3d 267, 270–73 (7th Cir.1996) (explaining that "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim"); see also Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir.2000) ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury.")

To extent Plaintiff alleges an Eighth Amendment Claims against Defendant Quillen, Plaintiff fails to state a cognizable claim. While Plaintiff alleges Quillen conspired with Podsakoff, and Denman and Hernandez knew of it, to put an inmate in his cell, Plaintiff fails to allege that whether the threat materialized, he was double celled and whether he was injured. Further Plaintiff's conclusory allegations against Lawrence (who is not named in the caption or elsewhere), fails to state a claim. Plaintiff will be granted leave to amend.

### H. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

However, supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish

a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.) For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims.

### I. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted

out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Plaintiff is attempting to assert a cause of action for retaliation in violation of the First Amendment against Defendant Podsakoff, and possibly others, for deprivation of his personal property, for threats, and for cancelling 602s. As a basic matter, Plaintiff fails to adequately allege any purportedly adverse actions taken against him because of any protected conduct. Plaintiff's conclusory allegations are not sufficient. To the extent the Court can determine from the allegations, Plaintiff has not alleged that these actions took place because of any protected conduct. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994).

In any amended complaint, Plaintiff must explain why he believes each defendant's misconduct was intended as a response to Plaintiff's exercise of a First Amendment right.

**IV.     Conclusion and Order**

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983. Plaintiff will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure state a cognizable section 1983 claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **November 29, 2016**            /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE