# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA, | ) 1:16-cv-00394-BAM (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING FIRST AMENDED<br>) COMPLAINT WITH LEAVE TO AMEND |
| PODSAKOFF, QUILLEN, | ) (ECF No. 9) |
| Defendants. | ) |
| | ) THIRTY-DAY DEADLINE |

Plaintiff Edwin Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a consent to magistrate judge jurisdiction on May 23, 2016. (ECF No. 7.) Plaintiff's first amended complaint, filed on December 15, 2016 is currently before the Court for screening. (ECF No. 9.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison at Corcoran, California. The events in the complaint are alleged to have occurred at Corcoran State Prison. Plaintiff names Podsakoff, correctional officer, and Quillen, correctional officer, D.B. Hernandez, Sergeant; T. Wyman, Counselor; Viganya, property correctional officer.

Plaintiff alleges as follows. In Claim 1, Plaintiff alleges Defendants Podsakoff and Qulilen tried to get plaintiff harmed by "spreading rumors and trying to get an inmate in his cell to harm" Plaintiff. On September 9, 2015, Defendant Podsakoff refused to give Plaintiff a pen because he lost the tip of the pen. Later at dinner, Podsakoff and Plaintiff got into a verbal confrontation and Podsakoff threatened to blow Plaintiff away and said he'll see to it that Plaintiff does not make it home. Plaintiff held up the food try in order to report the misconduct.

Plaintiff told Sergeant Duncan about the threat. Sergeant Duncan lied during the investigation of Podsakoff. The next day (September 10, 2015) Defendant Quillen conspired with Podsakoff and tried to carry out Podsakoff's threats and spread lies and said I was a homo and told me he'd get someone in his cell to get him. People tried to cover up the incidents on September 9, 2015 and September 10, 2015. Plaintiff filed a 602 on Podsakoff and Podsakoff later told Plaintiff that he threw it out. Plaintiff complains that Podsakoff and Quillen conspired to have Plaintiff harmed.

In claim 2, Plaintiff alleges bad living conditions. Plaintiff alleges that on September 28, 2015, he told counselor Wyman about his safety concerns. He had been on single cell status. Plaintiff explained of two cell incidents that occurred due to officers' "lying and old case factors." The committee took his single cell claiming he was E.O.P. Plaintiff was concerned because he feared for his life if he were double celled. Plaintiff told the counselor that Quillen tried to set Plaintiff up with a southsider then a special needs cellie. Plaintiff states Correctional officer Lawrence passed another inmate Plaintiff's 128-G with sensitive information in it. Plaintiff alleges that defendants are deliberately indifferent to prison politics. Defendant Wyman put plaintiff double celled. Plaintiff filed an emergency appeal on September 29, 2015, but D. Goree, the appeals coordinator said an emergency is not warranted. Wyman and Goree and Sergeant Denman and Sergeant Hernandez tried covering up when Defendant Podsakoff and Lawrence conspired to have Plaintiff murdered.

In Claim 3, Plaintiff alleges that Sgt Hernandez and property Viganya retaliated because Plaintiff filed a grievance by breaking his TV. Plaintiff filed a 602 on September 2, 2015 because of property delay. Plaintiff alleges defendant Viganya then broke his TV. Hernandez refused to conduct an interview and wrongly claimed that Plaintiff refused the interview. Sgt Hernandez cancelled the 602 and Plaintiff appealed the cancellation and all his arguments were ignored. Officer Viganya and Sergeant Hernandez were retaliating for plaintiff exercising his First Amendment right to file grievances.

Plaintiff seeks as damages $7,000,000 in compensation and punitive damages.

///

///

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief...." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Various individuals are not named in the caption, and the Court will not assume that Plaintiff intends to proceed against those not so named. If Plaintiff wishes to pursue such allegations, he may amend his complaint and include all named defendants in the caption as well as stating factually plausible claims in the body of the amended complaint.

#### B. Rules 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not pursue issues of retaliation and also his housing assignment against certain defendants and also simultaneously pursuing a claim against other defendants for his property. If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

The Court has previously informed Plaintiff that if he elected to amend his complaint, then he must choose which claims he wished to pursue in this action. Plaintiff was warned that if he failed to do so, and his amended complaint against set forth unrelated claims which violated joinder rules, then the Court would dismiss the claims it found to be improperly joined

### C. Inmate Appeals

Plaintiff appears to be complaining about the processing and denials of his inmate appeals. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison

5

officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

To the extent Plaintiff is dissatisfied with the outcome of the investigation, that is not a basis for a plausible due process claim. To the degree plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon his allegedly inadequate investigation, there is no such claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11–2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D.Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### D. Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

To the extent Plaintiff alleges that his property was wrongly taken or damaged, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim. Whether the property was misplaced or stolen, the state provides an adequate remedy.

### E. Eighth Amendment – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

To the extent Plaintiff alleges that Defendants Podsakoff or Hernandez made threatening statements, such allegations are not sufficient to state a cognizable section 1983 claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). Although a prisoner need not wait to be injured before seeking injunctive relief, see Farmer, 511 U.S. at 845, a prisoner seeking damages must allege that the risk materialized and caused him injury. See Babcock v. White, 102 F.3d 267, 270–73 (7th Cir.1996) (explaining that "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim"); see also Resnick v.

Hayes, 213 F.3d 443, 449 (9th Cir.2000) ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury.")

To extent Plaintiff alleges an Eighth Amendment Claims against Defendant Quillen, Plaintiff fails to state a cognizable claim. While Plaintiff alleges Quillen conspired with Podsakoff, to put an inmate in his cell, Plaintiff fails to allege whether the threat materialized, he was double celled and whether he was injured. Further, Plaintiff alleges that Quillen called him a homo, but fails to allege the circumstances and who heard Quillen. Plaintiff will be granted leave to amend.

### F. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

However, supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some

other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.) For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims.

### G. Conspiracy

Plaintiff alleges that Defendants Podsakoff and nonparty Lawrence conspired to have him murdered.

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Although accepted as true, the factual allegations of the complaint must be sufficient to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id. A bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. Plaintiff has not alleged sufficient facts to raise his conspiracy claim beyond the speculative level. Accordingly, his conspiracy claim is not cognizable.

### H. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989); Pratt v.

Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Plaintiff is attempting to assert a claim for retaliation in violation of the First Amendment against Defendant Podsakoff, for threats and for throwing out a 602. As a basic matter, Plaintiff fails to adequately allege any purportedly adverse actions taken against him and that such action chilled his exercise of his First Amendment right. Plaintiff's conclusory allegations are not sufficient. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994).

To the extent Plaintiff alleges Officer Viganya and Sgt Hernandez retaliated against him because he filed a 602 about his property, he fails to state a claim against Sgt. Hernandez. Plaintiff alleges that Sgt. Hernandez refused to conduct an interview, but this conclusory allegation is insufficient to state a retaliation claim. Plaintiff states a retaliation claim against. Viganya. Plaintiff alleges that Plaintiff filed a 602 against Viganya for Plaintiff's TV and Viganya then broke his TV. However, because Plaintiff has misjoined claims, in an amended

complaint he must choose which claim he wishes to pursue. Plaintiff also may not attempt to circumvent the joinder issue merely by alleging that defendants at the same institution are part of an overriding conspiracy.

### IV. Conclusion and Order

For the above reasons, Plaintiff's first amended complaint fails state a claim upon which relief may be granted under section 1983. Plaintiff will be given a **final** opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint is dismissed for failure state a cognizable section 1983 claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

///

///

///

4. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **April 14, 2017**          /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE